HERMAN WIESENTHAL et al., Appellants-Respondents, *v.* B. BENJAMIN YOUNG et al., Respondents-Appellants.

First Department, November 5, 1952.

*Avel B. Silverman* for appellants-respondents.

*Nathan Kosseff* for respondents-appellants.

*Per Curiam.* The issue is whether in a deed of real property, otherwise absolute on its face, a covenant that the grantees will not sell, transfer or lease any part thereof for a period of two years followed by a statement that " This restriction against the sale, transfer and leasing may be waived by the grantors " on payment by the grantees of $1,000 — is an illegal restraint upon alienation and void.

Plaintiffs, sellers, delivered the deed on June 9, 1950, to defendants, buyers, for a consideration stated therein of $4,004; in October, 1950, the buyers conveyed the same realty to another; in February, 1951, four months after that conveyance, the sellers forwarded the buyers a proposed written waiver asking, however, payment of the $1,000 for delivery of the waivers; the buyers refused, and the sellers brought this action to enforce such payment.

By permission of the Appellate Term from an order of that court affirming, one Justice dissenting, an order of the Municipal Court denying summary judgment, both buyers and sellers appeal and in this court urge that there are no questions of fact to be decided; each side respectively asks for summary judgment. The sole issue on appeal is the legal interpretation of the clause in the deed.

We think the clause in question is an attempt to impose an illegal restriction for a period of two years restraining alienation by the owner of the property and is therefore void (Real Property Law, § 42; *De Peyster* v. *Michael,* 6 N. Y. 467, 493;

*Continental Ins. Co.* v. *New York & Harlem R. R. Co.,* 187 N. Y. 225, 237).

In *De Peyster* v. *Michael* (*supra,* p. 493) the court stated the rule as follows: '' The reason why such a condition cannot be made good by agreement or consent of parties, is, that a fee simple estate and a restraint upon its alienation cannot in their nature co-exist. The ownership of the fee cannot exist in one person while the ownership of the right of alienation and of its fruits, exist in a different person. This is a principle older than the common law of England.''

Chief Judge CULLEN, in *Continental Ins. Co.* v. *New York & Harlem R. R. Co.* (*supra,* p. 237) stated the rule as follows: '' Ever since the decision in *De Peyster* v. *Michael* (6 N. Y. 467) it has been the settled law in this state that a covenant restraining alienation by the owner of the property in fee is void, and that such a covenant can be supported only where the covenantee has a reversion in the property.'' The covenantees in this case had no reversion.

The restriction, admitted by the terms of the clause to be a '' restriction against the sale, transfer and leasing '' gave the grantors the right to waive it if they saw fit but the grantees could not compel such waiver. The restriction in the deed is a bar for a period of two years to the sale, transfer or lease of any portion of the real estate and as such is void. Reason, controlling authority and public policy forbid restraints upon the disposition of property deeded in fee.

The determination of the Appellate Term affirming the order of the Municipal Court should be reversed, with costs to the defendants and judgment granted to defendants dismissing the complaint, with costs to defendants.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term affirming the order of the Municipal Court unanimously reversed, with costs to the defendants, and judgment granted to defendants dismissing the complaint, with costs to the defendants. Settle order on notice. [See 281 App. Div. 744.]