■ In the Matter of EDMUND L. TRASK, Petitioner, against FRANCIS J. O'NEILL, as Director of Central Islip State Hospital, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of respondent O'Neill finding petitioner, an employee of respondent Department of Mental Hygiene, guilty of misconduct and suspending him for two months without pay. The proceeding has been transferred to this court (Civ. Prac. Act, § 1296). Determination unanimously confirmed, without costs. No opinion. Present — Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.

■ THERESA MANN et al., Appellants, v. JACK SCHUMAN, Respondent.— The four appellants and respondent are owners of a stock certificate representing 50% of the outstanding shares of a domestic corporation. The complaint alleges that all five persons own the stock as tenants in common and asks for a direction that the stock certificate be sold as a unit and that the proceeds of the sale be divided among the five owners. In addition to denials, the answer alleges two defenses: (1) That the five owners hold title, not as tenants in common, but as joint tenants and that they received the stock certificate by gift from their father, on condition that there be no sale of the stock until such time as respondent ceased to be an employee of the corporation; that he is still an employee, officer, and director of the corporation and, therefore, the action is prematurely brought; (2) the action is brought pursuant to a plan to ruin the corporate business and compel its ultimate dissolution and liquidation, in violation of the condition on which they received the stock. The appeal is from an order denying a motion to strike out the defenses for insufficiency, pursuant to rule 109 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion granted. The ownership of property carries with it as an incident of the estate the right to sell the property at any time, and any condition which purports to prohibit the owner from alienating the property or to withhold from him the power to alienate is void because the restraint is repugnant to such ownership. (*De Peyster* v. *Michael,* 6 N. Y. 467; *Lovett* v. *Gillender,* 35 N. Y. 617; *Kirchhof* v. *Ramsey,* 269 N. Y. 640; *Wiesenthal* v. *Young,* 280 App. Div. 590; *Hacker* v. *Hacker,* 153 App. Div. 270; *Roosevelt* v. *Thurman,* 1 Johns. Ch. 220.) The rule applies to tenants in common (*Schermerhorn* v. *Negus,* 1 Denio 448), as well as to joint tenants (*Smith* v. *Smith,* 290 Mich. 143). Therefore, the first defense is insufficient. The second defense, dependent for its validity on the first defense, is likewise insufficient. The detriment and disastrous consequences that will flow from the sale of the stock as a unit, claimed by respondent, may be shown under his denials. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.