Frank A. Gulotta, J.
These are separate motions by two sets of defendants to dismiss the complaint for legal insufficiency.
The plaintiff seeks a declaratory judgment defining its rights under a lease which contains an option to purchase.
The lease was made with the defendants Silverman, commencing October 1,1960, to run for 15 years. In Paragraph 32nd it gives the tenant, who is the plaintiff in this action, a first option to purchase the premises for $98,000 at any time during the term of the lease. In Paragraph 33rd, for a period commencing with the second year of the lease and for four years thereafter, it gives the tenant a first option to purchase on the same terms for which the landlord can make a bona fide sale to another, and for the remaining 10 years, the $98,000 option is repeated. Nothing is said about the first year in this paragraph.
The premises were in fact sold by the Silvermans to the other defendants, Gaines and Bose, for $60,000 on October 19, 1960.
Contending that the effect of these clauses was to prohibit any sale whatever by the Silvermans during the first year, plaintiff asks for a declaration that it is entitled to a conveyance from the present owners, at the same price and upon the same terms upon which they bought.
The defendants’ point that an agreement not to sell for one year illegally suspends the power of alienation in violation of *169 section 42 of the Beal Property Law is not well taken for the simple reason that, as long as there are people in being who can convey a fee simple, the power of alienation is not suspended. The early case of De Peyster v. Michael (6 N. Y. 467 [1852]) deals not with that subject, but with an ancient feudal device called quarter sales, whereby one who conveyed a fee estate, nevertheless reserved to himself the right to one quarter of the selling price from that time forward on all future sales, no matter how remote. This was held to be repugnant to the essential nature of the granted estate and when not coupled with an estate in reversion, void both in principle and under the English common law since the reign of Edward I (13th Century).
An agreement by an owner not to sell for a stated period does no violence to the principle enunciated in that case, and more recently applied in Wiesenthal v. Young (280 App. Div. 590 [1952]).
The trouble here is that the owner made no such agreement. The phrasing of the option leaves a good deal to be desired from the standpoint of clarity, but giving full effect to Paragraph 32nd, plaintiff’s option for the first year is for $98,000. Paragraph 33rd gives him no option for any amount in the first year.
Assuming, but not deciding, that Silverman was bound not to sell at all in the first year, plaintiff has a ready remedy to bring an action to set the sale aside which, if successful, will put the parties in status quo. In no case could they be entitled to a declaration that they have the right to purchase the premises for the next four years for $60,000 because under the very terms of the option there is a 30-day time limit.
Since a party is not privileged to maintain a declaratory judgment action when there is an existing form of action readily available (Newburger v. Lubell, 257 N. Y. 383; Bules Civ. Prac., rule 212), it follows that the complaint should be dismissed, but without prejudice to the bringing of such other action as plaintiff may be advised.