AMERICAN INDUSTRIAL CONTRACT-
ING, INC.

v.

JOHNS–MANVILLE CORPORA-
TION et al.

Civ. A. No. 70–526.

United States District Court,
W. D. Pennsylvania.

May 25, 1971.

Wm. Claney Smith, Pittsburgh, Pa., for plaintiff.

John Cramer, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION

KNOX, District Judge.

On February 17, 1971, this court directed two defendants, Canadian Johns-Manville Ltd. and Canadian Johns-Manville Asbestos Ltd., to answer certain interrogatories propounded to it by the plaintiff under Rule 33 F.R.Civ.P. Particularly interrogatories 69, 70 and 71 were ordered to be answered with some limitations. This is an anti-trust case involving alleged monopolistic practices with respect to asbestos fibers. The interrogatories in question required the defendants to supply information as to the price per ton at which asbestos fibers were sold to various manufacturers of thermal insulation products in the United States, the cost per ton of mining and processing the same and the profit per ton stated in the financial reports of those companies for the past ten years.

The Canadian defendants have now filed a Motion for Reconsideration of the order directing them to answer these interrogatories. The parties were directed to file briefs with respect to the matter with the motion to be disposed of without oral argument, pursuant to Rule 78 of the F.R.C.P. following the filing of briefs. These briefs have been filed. The court has considered the matter and

has concluded that the Motion for Reconsideration should be denied at the present time.

The Motion for Reconsideration is based upon an Act of the Provincial Legislature of the Province of Quebec, Canada, under which the Canadian defendants are incorporated. This is the Business Concerns Record Act, Chapter 278 (Act 6–7 Elizabeth II, c. 42).

■ Briefly, this legislation provides that no person shall send out of the province any document or résumé or digest of any document of a business concern. The prohibition does not apply to removal of documents to the principal head office or to an affiliated company in the ordinary course of business. The statute is not self-enforcing but requires a petition by the Attorney General to a district judge for an order requiring the documents not be sent out of the province.

There is no allegation in the Motion for Reconsideration that any application by the Attorney General of Quebec is pending before any court. There is no allegation that this very information has not already been sent to the main office of the parent corporation, Johns-Manville Corporation, in the United States. It appears that Canadian Johns-Manville Ltd. and Canadian Johns-Manville Asbestos Ltd. are wholly owned subsidiaries of the American corporation and, in the absence of evidence to the contrary, it would seem that the parent corporation would have the information necessary to answer these interrogatories in its own files in the United States. The interrogatories it will be noted do not require the removal of any documents from the Province of Quebec but only ask certain information which would ordinarily be in the possession of a parent corporation in the ordinary course of business.

The exact reason for the Quebec legislation is not clear. At first blush, it would seem its purpose is to require that a Quebec corporation keep its business records intact in the province.

■ We agree with the plaintiff's position that in view of the fact that this action involves the anti-trust laws of the United States which are a matter of important public policy to the United States and since the Canadian corporations, subsidiaries of the American Corporation, appear to be engaged in selling their products within the United States that the public policy of this country demands that these interrogatories be answered if at all possible.

The court finds support for its position in requiring these interrogatories to be answered in Societe Internationale etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255. It was pointed out in that case that the respondent corporation was in a most advantageous position to plead with its own sovereign for relaxation of the laws preventing it from giving the information.

We find further support for our position in the case of United States v. First National City Bank, 396 F.2d 897 (2d Cir. 1968) wherein it was held that with respect to international law, the position of the American courts was as follows:

"In any event, under the principles of international law, 'A state having jurisdiction to prescribe or enforce a rule of law is not precluded from exercising its jurisdiction *solely* because such exercise requires a person to engage in conduct subjecting him to liability under the law of another state having jurisdiction with respect to that conduct.' Restatement (2d), Foreign Relations Law of the United States, § 39(1) (1965) (emphasis supplied.)" 396 F.2d at 901.

The court further pointed out that the anti-trust laws have long been a cornerstone of this nation's economic policies and the securing of information in a suit involving them should not be frustrated if it was at all possible to secure the information by any means.

■ We do not believe we are involved in matters of international relations between the United States and Canada, but if we are, we should receive

some representation from the United States Department of State to this effect. The province of Quebec is not a State within the meanings of the doctrines of international law. These doctrines only apply to nations in the international sense such as the United States and Canada.