**ARTHUR ANDERSEN & CO., Petitioner,**

v.

**Honorable Sherman G. FINESILVER, etc., et al., Respondents.**

**STATE OF OHIO, Plaintiff-Appellee,**

v.

**ARTHUR ANDERSEN & CO., Defendant-Appellant.**

**Nos. 76–1618, 76–1632, 76–1633 and 76–1710.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 13, 1976.

Decided Dec. 1, 1976.

Certiorari Denied Feb. 22, 1977.
See 97 S.Ct. 1113.

Paul E. Goodspeed, Denver, Colo. (Coghill Goodspeed & Roble, Denver, Colo., Wilson & McIlvaine, Chicago, Ill., of counsel; H. Thomas Coghill, Charles W. Board and George W. Thompson, Chicago, Ill., on the brief), for appellant-petitioner.

Miles M. Gersh, Denver, Colo. (Harry L. Hobson, Luke J. Danielson, and Holland & Hart, Denver, Colo., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The consolidated cases, one a petition for writ of mandamus and three direct appeals, all relate to pre-trial discovery orders entered by the district court. Petitioner and appellant, Arthur Andersen & Co., objected to the production of certain documents on the ground that production would violate the non-disclosure laws of Switzerland. The district court overruled the objections. We dismiss the appeals and deny the writ of mandamus.

In the Spring of 1970, the State of Ohio loaned King Resources Company, KRC, $8,000,000. In August, 1971, an involuntary petition under Chapter X of the Bankruptcy Act was filed against KRC. In the bankruptcy proceedings which are still pending, KRC has acknowledged its debt to Ohio.

On April 17, 1972, Ohio brought this suit in the United States District Court for the Southern District of Ohio against Andersen and others. Jurisdiction is based on § 22(a) of the Securities Act of 1933 as amended, 15 U.S.C. § 77v(a), and on § 27 of the Securi-

ties Exchange Act of 1934, 15 U.S.C. § 78aa. KRC is one of the defendants. The Judicial Panel on Multidistrict Litigation transferred the case to the District of Colorado for coordinated proceedings with other cases arising out of the affairs of KRC. *In re King Resources Company Securities Litigation,* Jud.Pan.Mult.Lit., 352 F.Supp. 975. So far as the instant case concerns KRC, it has been stayed by an order in the bankruptcy proceedings.

Andersen is a partnership with its principal office in Chicago, Illinois. Andersen is an international organization of accountants with offices throughout the world. Ohio claims that in its purchase of KRC securities, it relied on financial statements which were prepared by Andersen and which related to the financial condition of KRC. Ohio says that audits of KRC by Andersen fraudulently misrepresented the financial condition of KRC in violation of federal and state securities laws.

During the final stages of the pre-trial discovery process, Ohio requested Andersen to produce various documents which Andersen had in its possession at its Geneva, Switzerland office. After much sparring, the number of documents involved was reduced to 20. Andersen refuses to produce the documents because production would allegedly violate Swiss secrecy laws.

On May 27, 1976 the district court granted Ohio's motion for discovery. Notice of appeal from this order was filed and is our number 76–1632. The May 27 order was modified on July 2 and a notice of appeal from that order was filed on July 9, our number 76–1633. On July 13, Andersen filed a petition for mandamus relief from the two mentioned orders. It is our number 76–1618. On July 23 we granted a temporary stay of the orders. On the same day the district court again modified the discovery order and required the production of the documents here in question. Notice of appeal was filed August 4. It is our number 76–1710. We permitted the filing of the mandamus petition, required a response and consolidated that case with the three direct appeals. The stay was continued until the disposition of the four cases.

At the outset we are met with procedural problems. The orders covered by Nos. 76–1633 and 76–1710 were entered after notice of appeal had been filed to review the May 27 order. One query is the validity of the last two orders.

An unpublished opinion in No. 75–1297, *Burnworth v. Salefish Incorporated,* says that the filing of a notice of appeal deprives the district court of subject matter jurisdiction. See also 9 Moore's Federal Practice ¶ 203.11, pp. 735–740. In *Euziere v. United States,* 10 Cir., 266 F.2d 88, 91, vacated on other grounds, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720, we said that the mentioned principle "presupposes that there is a valid appeal from an appealable order."

The Circuits disagree on whether the filing of a notice of appeal automatically divests a district court of jurisdiction. Some cases hold that there is no retained jurisdiction. See e. g. *First National Bank of Salem, Ohio v. Hirsch,* 6 Cir., 535 F.2d 343, 345 n. 1; *United States v. Lafko,* 3 Cir., 520 F.2d 622, 627; and *Williams v. Bernhardt Bros. Tugboat Service, Inc.,* 7 Cir., 357 F.2d 883, 884–885. See also *Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 27 L.Ed. 888.

■ Other courts have held that a district court has some retained jurisdiction after a notice of appeal has been filed. *Hodgson v. Mahoney,* 1 Cir., 460 F.2d 326, 328, cert. denied 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488, says that when a notice of appeal is "manifestly deficient" by reason of a nonappealable order or otherwise, the district court may disregard it and proceed with the case "[o]therwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." In *Ruby v. Secretary of United States Navy,* 9 Cir., 365 F.2d 385, cert. denied 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442, the Ninth Circuit considered the problem in an en banc session. It held, Ibid. at 389, that if the notice of appeal is clearly invalid, the district court may ignore it. We are in essential agreement with the Ninth Circuit. If the notice of appeal is deficient by reason

of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case. If the district court is in doubt whether the notice of appeal is valid, it may decline to act further until disposition of the appeal. If the district court proceeds with the case under the mistaken belief that the notice of appeal is inoperative, the complaining party may seek relief from the court of appeals under 28 U.S.C. § 1651 and Rule 21, F.R.A.P.

In the instant case the trial court proceeded with the case. The objecting party petitioned the court of appeals for mandamus relief. The first question is the validity and effect of the notice of appeal attacking the May 27 order. Appellate jurisdiction is claimed under 28 U.S.C. § 1291 which gives the courts of appeals jurisdiction to review final decisions of district courts. We are concerned with an interlocutory order relating to discovery.

In *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the district court refused to apply a state statute which required plaintiff, in certain circumstances, to post security to indemnify defendant for expenses and attorneys' fees if plaintiff failed to make his complaint good. The Supreme Court said that the order was appealable under § 1291 "because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." Ibid. at 546–547, 69 S.Ct. at 1226.

We have held that an order for the production of documents is not normally appealable under the *Cohen* "collateral order" doctrine. *Paramount Film Distributing Corp. v. Civic Center Theatre,* 10 Cir., 333 F.2d 358, 361–362. In *Covey Oil Company v. Continental Oil Company,* 10 Cir., 340 F.2d 993, 995–997, cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155, we recognized an exception to this general rule where the order is collateral, fairly separable from the main litigation, and relates to a non-party who shows irreparable injury. See *Natta v. Hogan,* 10 Cir., 392 F.2d 686, 689.

In *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255, the Court held that a district court could not impose the sanction of dismissal against a plaintiff because the plaintiff had failed to produce foreign records on the ground that production would subject it to criminal prosecution in a foreign country. The Court said, Ibid. at 208, 78 S.Ct. at 1094:

> "Whatever its reason, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply."

*Societe* implies that consideration of foreign law problems in a discovery context is required in dealing with sanctions to be imposed for disobedience and not in deciding whether the discovery order should issue. The dilemma is the accommodation of the principles of the law of the forum with concepts of due process and international comity.

Certain Second Circuit cases arising after *Societe* suggest that a district court should not order production if the order would cause a party to violate foreign law. See *First National City Bank of New York v. Internal Revenue Service,* 2 Cir., 271 F.2d 616, 619; *Ings v. Ferguson,* 2 Cir., 282 F.2d 149, 152; and *Application of Chase Manhattan Bank,* 2 Cir., 297 F.2d 611, 613. Compare *United States v. First National City Bank,* 2 Cir., 396 F.2d 897, 900–901. The failure of these cases to recognize the distinction between power to compel discovery and imposition of sanctions for noncompliance has been criticized. See e. g. Note, Discovery of Documents Located Abroad in U. S. Antitrust Litigation, 14 Va.J.Int.L., 747, 753. The importance of this distinction has been recognized. See Wright, Discovery, 35 F.R.D. 39, 81; and Restatement, 2d, Foreign Relations Law of the United States, § 39.(1), p. 111. See also *Calcutta E. Coast of India & E. Pakistan/U.S.A. Conf. v. Federal Maritime Commission,* 130 U.S. App.D.C. 261, 399 F.2d 994, 998–999, and

*American Industrial Contracting, Inc. v. Johns-Manville Corp.,* W.D.Pa., 326 F.Supp. 879, 880–881.

The procedural problems must be considered in the light of the mentioned background. Section 1291 requires a final decision. We have an important and extraordinary situation which, although not pertaining to the merits and not subjecting Andersen to actual harm, has the potential of causing harm if Andersen chooses not to comply. *Societe* does not say that a discovery order mandating violation of foreign law is invalid. It only indicates that the foreign law question goes to the imposition of a sanction for noncompliance with local law.

We are not impressed by Andersen's contention that international comity prevents a domestic court from ordering action which violates foreign law. See Restatement, 2d, Foreign Relations Law of the United States, § 39.(1). If the problem involves a breach of friendly relations between two nations, Andersen should call the matter to the attention of those officers and agencies of the United States charged with the conduct of foreign affairs, and they could make such representation to the court as they deemed suitable. Andersen has not taken this action. Instead, it purports to speak for the United States.

■ An anomalous situation with great potential effect would result from recognition of the right of a litigant to avoid discovery permitted by local law through the assertion of violation of foreign law. Foreign law may not control local law. It cannot invalidate an order which local law authorizes.

■ The Supreme Court has spoken out against piecemeal reviews. *Kerr v. United States District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725; see also *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 7 L.Ed.2d 614. The district court had the power to enter the discovery orders. Andersen has the right of a direct appeal from any final judgment on the merits. The essence of Andersen's objections is that the discovery orders subject it to irreparable harm. As said in *Ryan v. Commissioner of Internal Revenue,* 7 Cir., 517 F.2d 13, 19:

> "*Every* interlocutory order involves, to some degree, a potential loss or harm. That risk, however, must be balanced against the need for efficient federal judicial administration, the need for the appellate courts to be free from the harassment of fragmentary and piecemeal review of cases otherwise resulting from a succession of appeals from the various rulings which might arise during the course of litigation."

Although we recognized in *Paramount Film Distributing Corp.,* 10 Cir., 333 F.2d 358, 362, that the Cohen "collateral order" doctrine may be applied in discovery proceedings "upon a proper showing", no proper showing has been made here. When and if a subsequent order of the court imposes a harmful sanction, that order may then be reviewed. The discovery orders are not final decisions and not appealable under § 1291.

■ The mandamus petition, No. 76–1618, raises the serious and important question of whether the entry of the discovery orders by the district court was an usurpation of power. *Kerr v. United States District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725, says that mandamus is proper when a party has no other adequate means to obtain relief and his right to relief is clear and indisputable. Our denial of the appealability of the orders under § 1291 leaves Andersen's sole remedy that of application for an extraordinary writ under 28 U.S.C. § 1651. See also Rule 21, F.R.A.P. In the circumstances, mandamus is a proper method of raising the question of usurpation of power. We have considered the question and, for the reasons stated above, conclude that the district court did not usurp any power.

In Nos. 76–1632, 76–1633, and 76–1710, the appeals are dismissed for lack of a final, appealable order. In No. 76–1618, the petition for mandamus relief is denied.