692 F.2d 688
 UNITED STATES of America, Plaintiff-Appellee,
v.
397.51 ACRES OF LAND, MORE OR LESS, SITUATE IN COTTON,
JEFFERSON AND STEPHENS COUNTIES, STATE OF
OKLAHOMA, et al., Defendants,
and
Tab Dowlen and Helen Dowlen, his wife, Defendants-Appellants,
and
Faye Norton and Pauline Duncan, Defendants-Appellees.
 Nos. 80-2156, 81-1298.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 29, 1982.
 
 Thomas Pacheco, Washington, D.C. (Carol E. Dinkins, Asst. Atty. Gen., Larry D. Patton, U.S. Atty., John E. Green, Asst. U.S. Atty., Oklahoma City, Okl., and Jacques B. Gelin and Laura Frossard, Attys., Dept. of Justice, Washington, D.C., with him on the brief), for plaintiff-appellee.
 John W. Norman, Oklahoma City, Okl., for defendants-appellants.
 James Robinson, Oklahoma City, Okl. (Jay D. Jones, Duncan, Okl., and Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., with him on the brief), for defendants-appellees.
 Before BARRETT, SEYMOUR and BREITENSTEIN, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This federal condemnation suit has produced a maze of procedural and substantive complications which defy simple analysis. No. 80-2156 is an appeal by Tab and Helen Dowlen, husband and wife, from a district court judgment dividing the compensation award. No. 81-1298 is an appeal by the Dowlens essentially raising the question of the interest payable on the compensation award. The appeals are interconnected. After a statement of the general situation, the appeals will be treated separately.
 
 
 2
 The United States brought eminent domain proceedings in the Western District of Oklahoma to acquire land for Waurika Lake, a flood control project on Beaver Creek in the Red River drainage. The July 16, 1975, declaration of taking named as the purported owners of Tract 604 Tab Dowlen, Helen Dowlen, Faye Norton, Pauline Duncan, and others of no concern to this dispute. Tab, Faye, and Pauline are brother and sisters. They each inherited from their parents an undivided one-third interest in the approximately 240 acres which comprised Tract 604. In 1956 the sisters contracted to sell, and later conveyed their one-third interests, to their brother Tab. The sale contract provided that, (1) the sisters reserved for a limited term a 1/16th royalty interest and (2) in the event of condemnation, each sister was to receive one-third of the award above $25,000. Hereafter the Dowlens will often be referred to as "the brother."
 
 
 3
 The declaration of taking valued Tract 604 at $143,000 and that amount was deposited in court. At that time the sisters' reserved royalty interest had not expired. The brother and the sisters filed separate answers attacking the sufficiency of the deposit. The sisters cross-claimed against the brother asserting their rights under the 1956 contract to a portion of the condemnation award. On January 24, 1977, the court dismissed the cross-claim on the ground that it did not have subject matter jurisdiction because of the lack of diversity. On March 28, 1977, the court of appeals held that the district court had ancillary jurisdiction to hear and determine the cross-claim and ordered that "in the interest of judicial economy, the pending action is to be heard and determined." See unreported opinion in No. 77-1167, Duncan v. Thompson.
 
 
 4
 On May 6, 1980, court-appointed Commissioners fixed the value of Tract 604 at $238,175. No party attacks the value so determined. The questions are, (1) the division of the award and (2) the interest payable on the award.
 
 CASE NO. 80-2156
 Appellate Jurisdiction
 
 5
 Because the United States is a party, notice of appeal must be filed within 60 days after entry of judgment. Rule 4(a)(1), F.R.App.P. A timely motion to amend a judgment under Rule 59, F.R.Civ.P., starts the appeal time from the entry of an order granting or denying that motion. Rule 4(a)(4).
 
 
 6
 On June 4, 1980, the court entered a "Final Judgment" approving the Commissioners' award and dividing it among the brother and sisters. The court fixed interest at 6%. On June 10, the brother moved for a judgment amendment of the interest award. On June 11 the brother filed a notice of appeal from the June 4 judgment, and on June 13 withdrew his notice as premature. The court denied the motion to amend on August 29. On September 8 the brother filed a motion for new trial under Rule 59 and for relief under Rule 60(b). On October 24 the brother filed a notice of appeal from the August 29 order denying the motion to amend and from the June 4 judgment awarding the sisters a portion of the condemnation proceeds.
 
 
 7
 Later district court proceedings related to the interest dispute and will be considered in connection with our discussion of case No. 81-1298. With regard to No. 80-2156, we believe that the October 24 notice of appeal suffices to give appellate jurisdiction over the issues raised in that case. The appeal notice was filed within 60 days from the date of the denial of the motion to amend the final judgment.
 
 Sale by Sisters to Brother
 
 8
 The 1956 contract, pursuant to which the sisters conveyed Tract 604 to their brother, included the following, R. Vol. I, p. 26:
 
 
 9
 "I, Tab Dowlen and Helen Dowlen, husband and wife, agree that in the event the lands described in this contract are condemned by the Federal Government for flooding by the building of a dam on Beaver Creek that we will pay to Pauline Duncan and Faye Norton each an undivided one-third ( 1/3) of any amount that may be paid to us by reason of the taking of said land by the Federal Government above the sum of $25,000.00." [Emphasis supplied.]
 
 
 10
 The district court gave summary judgment awarding the sisters one-third of the compensation award over $25,000. The brother contests the award to the sisters for the reasons hereafter noted.
 
 Rule against Perpetuities
 
 11
 The brother contends that the quoted promise to pay violates the rule against perpetuities. In granting the sisters' motion for summary judgment, the August 16 memorandum, R. Vol. II, p. 240, et seq., of the court held that the rule against perpetuities as stated in Melcher v. Camp, Okl., 435 P.2d 107, did not apply to the dispute here presented.
 
 
 12
 Citing Melcher v. Camp, we have held that Oklahoma recognizes the common law rule against perpetuities; that the rule touches only contingent future interests; and that a presently vested interest is not subject to the rule even though enjoyment may be deferred indeterminately. Independent Gas & Oil Producers, Inc. v. Union Oil Co. of California, 10 Cir., 669 F.2d 624, 628.
 
 
 13
 We are concerned with a personal contract agreement to pay upon the happening of a contingency, federal condemnation. Upon delivery and acceptance of the deed from the sisters, the brother and his wife were vested with absolute, fee simple title encumbered by no restraint on alienation. The promise by the brother and his wife was to pay a portion of the award proceeds "that may be paid to us." They could have sold the land at any time and the buyer would not have been obligated to pay anything to the sisters. The land was condemned, not sold, and they received an award, part of which they promised to pay to the sisters. Melcher v. Camp says, 435 P.2d at 112, that: "The rule against perpetuities is a rule of property and merely personal contracts are not subject to the rule." To hold otherwise would cast doubt on all promises to pay upon the happening of a contingency. The brother and his wife are bound by their promise to pay. The rule against perpetuities has no application.
 
 
 14
 "Quarter Sale"
 
 
 15
 A "quarter sale" is a device of feudal origin whereby a conveyee of land is required to pay to the conveyor, or some other person, a portion of the sale price upon a later conveyance of the land. See Vol. VI, American Law of Property (1952) Sec. 26.68, pp. 512-515; De Peyster v. Michael, 6 N.Y. 467, 57 Am.Dec. 470; Arzee Supply Corp. v. Silverman, 220 N.Y.S.2d 3, 4, 31 Misc.2d 168; and Kowalsky v. Familia, 336 N.Y.S.2d 37, 41, 71 Misc.2d 287. Quarter sales are unlawful restraints on alienation. American Law of Property, supra. Here, we have no restraint and no sale. Rather we have a promise to pay upon the happening of a contingency which occurred. As a result the brother and his wife became entitled to a substantial sum. They are bound by their promise to pay a part of that sum to the sisters.
 
 Summary Judgment
 
 16
 The brother argues that summary judgment for the sisters was improper because of a genuine issue of material fact. Rule 56(c), F.R.Civ.P. The promise to pay became viable upon federal condemnation "for flooding by the building of a dam on Beaver Creek." The argument is that not all of the land will be under water all of the time and some may never be under water.
 
 
 17
 The taking was pursuant to federal statutes relating to flood control. See 33 U.S.C. Secs. 591 and 701. The Acts of December 30, 1963, and August 28, 1974, Public Laws 88-253 and 93-393 respectively, authorized the Waurika Lake, Beaver Creek, Oklahoma project. R. Vol. I, p. 1. The land was taken for "construction and operation of a flood control project and for other uses incident thereto." Id. p. 2. In the absence of bad faith, a condemnation for a public use is a matter for the legislative branch and not open to judicial determination. Harwell v. United States, 10 Cir., 316 F.2d 791, 793. The nature or extent of the interest to be acquired is not reviewable. Wilson v. United States, 10 Cir., 350 F.2d 901, 906. The condemnation here was for a congressionally authorized public use and no claim is made of bad faith. The taking of the land for a flood control project made operative the promise to the sisters. Speculation as to ultimate use of the land is immaterial.
 
 Attorney Fees
 
 18
 The court-appointed Commissioners increased the value fixed in the declaration of taking by about $95,000. The brother claimed in his motion to amend the judgment that the sisters should bear a part of his attorney's fees. R. Vol. II, p. 306. The trial court recognized the Oklahoma "equitable fund doctrine." See State ex rel. Burk v. City of Oklahoma City, Okl., 598 P.2d 659, and Fisher v. Superior Oil Co. of California, Okl., 390 P.2d 521. Under that doctrine a court, in the exercise of its equitable jurisdiction, may award an attorney fee for successful services in preserving or increasing a common fund. In rejecting the claim for fees, the trial court noted that the sisters had their own counsel and that the brother's lawyer "rather than creating, preserving, or increasing a fund to which all defendants are entitled, has insisted throughout that defendants Duncan and Norton [the sisters] have no right to share in the fund." The court said that in the circumstances of the case it would not require the payment of any fees for the brother's lawyer. R. Vol. II, p. 335. We do not have a transcript of the proceedings before the Commissioners and do not know what part was played by the brother's lawyer. In the circumstances we cannot say that the district court abused its equitable power in denying the request for attorney fees.
 
 The Settlement
 
 19
 On September 8, the brother filed a Rule 60(b) motion for new trial or relief from judgment. On September 23 he filed a motion for partial distribution in which he alleged a settlement with his sister Faye Norton. After a hearing on October 17, the court held that the evidence was wholly insufficient to show a settlement. R. Vol. IV, p. 49.
 
 
 20
 Both Tab Dowlen and Faye Norton testified at the hearing. The testimony was conflicting. The court of appeals does not retry the facts. "A finding based on sharply conflicting evidence is conclusively binding [on it.]." Wilson v. U.S., 10 Cir., 350 F.2d 901, 902. The finding of the trial court was not clearly erroneous.
 
 
 21
 In No. 80-2156, the judgment of the district court is affirmed.CASE NO. 81-1298
 
 
 22
 This appeal relates to the interest payable by the United States on the condemnation award. A Rule 59 motion of the brother was filed to amend the judgment provision for interest. That motion was denied on August 29. On September 8 the brother filed a motion for new trial and for relief under Rule 60(b), asserting error in the interest award. The motion for a new trial was untimely, Rule 59(b), and need not be considered. On October 24 the brother filed a notice of appeal. On October 27 the court ordered reconsideration of the interest award. The parties presented affidavits and briefs. On February 2, 1981, the court by order increased the interest rate to 8.3%. On February 24, 1981, the June 4 judgment was amended to provide for the higher rate. On March 4, 1981, the brother and his wife filed a notice of appeal from the February 24 judgment.
 
 
 23
 The grant of a Rule 60(b) motion, after a valid notice of appeal, has raised troublesome problems. The filing of a notice of appeal divests the district court of jurisdiction with two recognized exceptions: (1) untimeliness of the notice, and (2) dependence on an unappealable order. Arthur Andersen & Co. v. Finesilver, 10 Cir., 546 F.2d 338, 340, cert. denied, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543. The October 24 notice of appeal was timely and referred to an appealable order. The question is the jurisdiction of the court to act on a Rule 60(b) motion filed but not disposed of, before the filing of the notice of appeal. In Aune v. Reynders, 10 Cir., 344 F.2d 835, 841, we said:
 
 
 24
 "In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act."
 
 
 25
 See also Textile Bank Co., Inc. v. Rentschler, 7 Cir., 657 F.2d 844, 849; and Com. of Puerto Rico v. S.S. Zoe Colocotroni, 1 Cir., 601 F.2d 39, 44.
 
 
 26
 We take the papers presented to us as a motion to remand so that the district court may act on the Rule 60(b) motion.
 
 
 27
 In No. 81-1298, we remand the case to the district court with directions that it act on the Rule 60(b) motion and present a supplemental record showing its action. The court of appeals retains jurisdiction of Case No. 81-1298.
 
 
 28
 As to Case No. 80-2156, we consider that the interest issue is not presented or determined and we affirm the judgment in all other respects.
 
 
 29
 All costs in each appeal are charged to the appellants Tab and Helen Dowlen.