**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LINDSAY O'BRIEN QUARRIE,

    Plaintiff - Appellant,

v.

NEW MEXICO INST. OF MINING &
TECH.; BHASKAR MAJUMDAR;
LORIE LIEBROCK; KENNETH (KEN)
MINSCHWANER; SCOTT TEARE;
DANIEL LOPEZ; PETER GERITY,

    Defendants - Appellees.

No. 15-2006
(D.C. No. 2:13-CV-00349-MV-SMV)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Lindsay O'Brien Quarrie appeals the district court's dismissal of his pro se

civil rights action under Fed. R. Civ. P. 41(b). The court dismissed his action with

prejudice based on his failure to comply with a court order to pay Defendants'

expenses incurred in opposing Mr. Quarrie's frivolous motion for protective order.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Mr. Quarrie filed his pro se action asserting various claims under federal and state law arising from his termination from a Ph.D. program at the New Mexico Institute of Mining and Technology. He alleged that Defendants improperly terminated his course of study and denied him the degree he had earned because he is African American.

## A.

Defendants served Mr. Quarrie with a notice scheduling his deposition for March 31, 2014. In response, he filed a motion to quash the deposition notice and also sought a protective order. The magistrate judge quashed the deposition notice on April 16 because Defendants failed to confer with Mr. Quarrie before scheduling his deposition. But noting that Mr. Quarrie presented no argument why he was not subject to being deposed at a later date, the magistrate judge denied his request for a protective order and expressly instructed him to cooperate with Defendants' counsel in scheduling his deposition.

Mr. Quarrie did not cooperate. He refused to respond to Defendants' counsel's voicemails or emails. Instead, he filed a second motion for protective order on May 6, 2014, arguing he should be excused from a deposition because it would interfere with his work schedule and would be an extension of Defendants' oppressive acts, which continued to cause him emotional distress. The magistrate judge found that Mr. Quarrie's motion for protective order was frivolous and ordered him to appear for his deposition on July 25. The magistrate judge also found that an

2

award of Defendants' reasonable expenses was required by Fed. R. Civ. P. 37(a)(5)(B).

Defendants submitted an affidavit of expenses totaling $786.45. Mr. Quarrie objected to the magistrate judge's order denying his motion for protective order and awarding expenses, but he did not challenge the amount or reasonableness of Defendants' stated expenses. On July 28, 2014, the district court overruled Mr. Quarrie's objections and ordered him to appear for his deposition.[1] The court agreed that his second motion for protective order was frivolous, that an award of expenses was mandated, and that Defendants' stated expenses were reasonable. It ordered Mr. Quarrie to pay Defendants $786.45 by August 27, 2014 (hereafter, "expenses order"). The expenses order warned Mr. Quarrie that if he failed to comply he risked sanctions up to and including dismissal of his action.

Mr. Quarrie moved for reconsideration of the expenses order. The district court denied his motion. He filed a second motion for reconsideration, which the court also denied. Mr. Quarrie then filed objections to the order denying his second motion for reconsideration.

On August 26, 2014—one day before Mr. Quarrie's deadline to comply with the expenses order—he filed a notice attempting to appeal that order to this court. This court dismissed Mr. Quarrie's appeal for lack of jurisdiction on September 15, 2014. Meanwhile, after Mr. Quarrie failed to pay Defendants' expenses by the

---

[1] Mr. Quarrie had apparently already appeared for his deposition on July 25, 2014, as previously ordered by the magistrate judge.

3

August 27 deadline, they filed a notice of non-compliance and requested dismissal of his action under Rule 41(b).

After his appeal was dismissed, Mr. Quarrie repeatedly attempted to renew his objections to the expenses order in the district court, asking that it be set aside at least six more times. On September 24, in addition to asking the district court to vacate the expenses order, Mr. Quarrie sought an extension until October 31 to comply. On October 3, he notified the court he had been laid off from his job and asked that the expenses order be set aside on that basis. He moved for the same relief on October 6; renewed that request on October 8; and moved again on October 19. Mr. Quarrie asserted that his requests to set aside the expenses order were no longer frivolous due to his unemployment.

Mr. Quarrie's proposed extension date—October 31—came and went without him paying Defendants' expenses. Defendants filed a second notice of non-compliance and again sought dismissal under Rule 41(b). Mr. Quarrie responded by stating he had paid $50 toward Defendants' expenses, but he continued to challenge the expenses order as unjust and unlawful.

**B.**

On November 13, 2014, the magistrate judge issued proposed findings and a recommended disposition ("PF&RD") on Defendants' request for dismissal under Rule 41(b). That rule provides: "If the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." The PF&RD applied the *Ehrenhaus* factors: (1) "the degree of actual prejudice to the

4

defendant"; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

The magistrate judge found that Defendants were prejudiced by Mr. Quarrie's failure to comply with the expenses order and would continue to be prejudiced by his frivolous filings. At that time, Mr. Quarrie still had not paid the full amount of Defendants' expenses and had offered little indication he intended to do so. The magistrate judge also found that Mr. Quarrie's repeated, frivolous filings were interfering with the judicial process. The PF&RD further concluded that Mr. Quarrie alone was culpable for his failure to comply with the expenses order. Regarding his claim of poverty, the magistrate judge found that, through the deadline to comply with the expenses order, the evidence indicated that Mr. Quarrie was earning $8,000 per month. Therefore, even assuming he later became indigent, his *current* poverty did not mitigate his culpability for failing to comply with the expenses order by the August 27 deadline. The magistrate judge also found that the district court had expressly warned Mr. Quarrie at least three times before that date that his case may be dismissed if he failed to pay Defendants' expenses. Finally, the PF&RD concluded that a lesser sanction would not be effective based on Mr. Quarrie's continued frivolous challenges to the expenses order. The magistrate judge therefore

5

recommended dismissal of Mr. Quarrie's action based on his failure to comply with the expenses order.

## C.

Mr. Quarrie filed objections to the PF&RD, in which he indicated he had made another partial payment of Defendants' expenses. Over the next two weeks, he filed several more notices of additional partial payments, indicating that he had paid Defendants' expenses in full as of December 1, 2014.

On January 6, 2015, the district court overruled Mr. Quarrie's objections, adopted the magistrate judge's PF&RD, and dismissed his action with prejudice. The court agreed that Mr. Quarrie's repeated attempts to challenge the expenses order were frivolous and had impeded the judicial process; Defendants had been prejudiced and would continue to be prejudiced by having to respond to his frivolous filings; Mr. Quarrie's failure to comply with the expenses order by the August 27 deadline demonstrated his defiance of that order; he alone was culpable for his failure to comply and for his frivolous filings; Mr. Quarrie had been admonished that his action would be dismissed if he failed to comply with the expenses order; and further sanctions less than dismissal had not been and would not be effective.

Regarding Mr. Quarrie's culpability, the district court addressed his alleged poverty and the fact he had ultimately paid Defendants' expenses in full. Like the magistrate judge, the court found his current poverty was irrelevant because he was still employed and able to pay as of the August 27 deadline to comply with the expenses order. It also concluded that Mr. Quarrie's payment in full of Defendants'

6

expenses, *after* the magistrate judge recommended dismissal of his action, did nothing to mitigate his culpability for failing to pay Defendants' expenses in August, as ordered.

## II.

We review for an abuse of discretion a district court's dismissal of an action under Rule 41(b) based on a party's failure to comply with a court order. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). Discovery rulings are also reviewed for an abuse of discretion. *See World Publ'g Co. v. U.S. Dep't of Justice*, 672 F.3d 825, 832 (10th Cir. 2012). Under this standard,

> [A] trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. . . . An abuse of discretion occurs when the district court's decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment.

*Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (citation and internal quotation marks omitted).

We liberally construe a pro se party's briefs. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). But contrary to Mr. Quarrie's suggestion, the court rules apply equally to represented parties and pro se litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And we will not craft legal arguments for a pro se party. *See id.* at 841.

On appeal, Mr. Quarrie contends that the district court abused its discretion by: (1) denying his second motion for protective order; (2) entering the unlawful and

7

unduly harsh expenses order; and (3) dismissing his action under Rule 41(b) because (i) his filings after entry of the expenses order were not frivolous; (ii) he was not required to comply with the expenses order while it was on appeal to this court; (iii) the court ignored his loss of employment and his requests for relief from the expenses order; and (iv) he paid Defendants' expenses in full before the district court entered the dismissal order.

## A.

In his second motion for protective order, Mr. Quarrie asked the district court to preclude Defendants from taking his deposition altogether. He argues the court abused its discretion in denying that motion because he was legitimately concerned about his ability to attend a deposition in New Mexico while he was working in another state. But the district court found that Mr. Quarrie made no attempt to show that the requested discovery would be unduly costly or burdensome. We see no abuse of discretion.

Mr. Quarrie also contends that the district court abused its discretion in denying his second motion for protective order—and more specifically, in ordering him to appear for his deposition on July 25, 2014—because the deadline for discovery had passed at that time. The district court held that Mr. Quarrie waived this argument by failing to raise it before the magistrate judge. But in any event, the court said his contention failed on the merits because Mr. Quarrie's filing of the second motion for protective order caused the delay in scheduling his deposition and the magistrate judge had discretion to reopen discovery to allow the taking of a single

8

deposition.  *See Dowell ex rel Dowell v. Bd. of Educ. of Okla. City Pub. Sch.*, 8 F.3d 1501, 1508 (10th Cir. 1993) ("The decision to reopen discovery is . . . left to the district court's discretion.").

Mr. Quarrie has not demonstrated that the district court abused its discretion in denying his second motion for protective order.

**B.**

Mr. Quarrie contends that the district court abused its discretion in entering the expenses order because the order is unlawful and unduly harsh.  The first contention lacks merit, and Mr. Quarrie cannot raise the second issue for the first time on appeal.

After the district court denied his second motion for protective order, Rule 37(a)(5)(B) *required* the court to order Mr. Quarrie to pay Defendants' "reasonable expenses incurred in opposing the motion, including attorney's fees" unless his "motion was substantially justified or other circumstances make an award of expenses unjust."  The district court found that Mr. Quarrie's second motion for protective order was frivolous and therefore not substantially justified.  It noted that he filed his second motion for protective order *after* the magistrate judge, in denying his first motion for protective order, admonished him that he was subject to being deposed and ordered him to cooperate with Defendants' counsel in scheduling his deposition.  Mr. Quarrie fails to show an abuse of discretion in the court's ruling that his second motion for protective order was frivolous.

9

He also argues that the amount of the expenses award—$786.45—is unreasonable. Although he claims that he objected to Defendants' proffered expenses, citing his filings in response to the magistrate judge's order, the record does not support that contention. As the district court found, Mr. Quarrie never objected to the amount or the reasonableness of Defendants' expenses. And he cannot raise that issue for the first time on appeal. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling." (internal quotation marks omitted)).

## C.

In dismissing Mr. Quarrie's action under Rule 41(b), the district court addressed each of the *Ehrenhaus* factors, concluding that they weighed in favor of dismissal as a sanction for his failure to comply with the expenses order. Mr. Quarrie contends that the district court abused its discretion.

He first argues that Defendants were not prejudiced by his failure to timely comply with the expenses order because he ultimately paid their expenses several months later, and his numerous filings in the interim were not frivolous, but were part of the normal course of jurisprudence. The district court disagreed. It found that Mr. Quarrie repeatedly challenged the expenses order as unlawful and unjust, even as he finally began making partial payments long after the deadline to comply. Consequently, Defendants were required to expend further resources in responding to his repeated frivolous and dilatory attempts to challenge that order, thereby causing

10

and continuing to cause prejudice to Defendants. Moreover, Mr. Quarrie's string of frivolous filings evidenced his willful disregard of the expenses order, and they interfered with—and would continue to interfere with—the judicial process to an unacceptable extent. Mr. Quarrie fails to show the district court abused its discretion in making these findings.

Mr. Quarrie also challenges the district court's finding that he alone was culpable for his failure to comply with the expenses order. He first argues that he was not required to comply with that order while it was on appeal to this court. But the district court did not lose jurisdiction to enforce the expenses order based on his deficient notice appealing a non-final order. *See Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). Nor did Mr. Quarrie seek, and this court did not grant, a stay of the expenses order pending his appeal. In any event, Mr. Quarrie did not file his notice of appeal until the day before the August 27 deadline to comply with the expenses order. Thus, the pendency of his appeal could, at most, excuse his noncompliance for a single day.

In finding him entirely culpable, Mr. Quarrie also contends that the district court ignored his unemployment, his poverty, and his requests to modify the terms of the expenses order, as well as his eventual payment in full of Defendants' expenses as of December 1, 2014. But the court did not ignore these allegations; rather, it found them irrelevant to his culpability because he did not lose his job until October, and there was no evidence that he was unable to pay Defendants' expenses by the August 27 deadline. As to his eventual full reimbursement months later, the court

11

concluded it did not mitigate Mr. Quarrie's culpability for advancing repeated, frivolous attempts to challenge the expenses order, rather than timely complying with it. Mr. Quarrie has not demonstrated an abuse of discretion in the district court's finding that he was solely culpable for his failure to obey the expenses order.

As to the final factor,[2] Mr. Quarrie asserts generally that courts should consider the efficacy of lesser sanctions against pro se parties. But he does not identify any lesser sanction that would have been effective in his case where, despite the district court's several warnings *before* the August 27 deadline, he persisted in his refusal to obey the expenses order, and he continued (before and after that date) his frivolous challenges to the order. He did not make any partial payment until Defendants' filed their second notice of noncompliance, asking for dismissal of his action. And he made no additional partial payments until *after* the magistrate judge recommended the dismissal sanction. In finding that no lesser sanction would be effective, the district court concluded, "Plaintiff has never indicated his willingness to comply with the sanctions, and instead insists that he is entitled to endlessly repeat and rehash his complaints about the expenses order itself. And Plaintiff sees no reason such conduct is outside the normal course of civil procedures." R. at 2189 (internal quotation marks omitted).

---

[2] Mr. Quarrie does not contend that the district court failed to warn him his action could be dismissed based on his noncompliance with the expenses order.

Mr. Quarrie has not demonstrated that the district court abused its discretion in dismissing his action under Rule 41(b) based on his failure to comply with the expenses order.

## III.

The judgment of the district court is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge