**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gene STIPE and Red Ivy,
Defendants-Appellees.**

**No. 81–1417.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 12, 1981.

Decided July 1, 1981.

Larry D. Patton, U. S. Atty., Oklahoma City, Okl. (John R. Osgood, Asst. U. S. Atty., Oklahoma City, Okl., with him on the brief) for plaintiff-appellant.

B. J. Rothbaum, Jr., Oklahoma City, Okl. (James P. Linn, James A. Kirk, Drew Neville of Linn, Helms, Kirk & Burkett, and Duane H. Miller, Oklahoma City, Okl., with him on the brief) for defendants-appellees.

Before McWILLIAMS and DOYLE, Circuit Judges, and KERR *, Senior District Judge.

WILLIAM E. DOYLE, Circuit Judge.

This is an expedited interlocutory appeal which has been prosecuted pursuant to 18 U.S.C. § 3731, entitled *Appeal by the United States.* It provides in part as follows:

* Honorable Ewing T. Kerr, Senior Judge, U. S. District Court, Cheyenne, Wyoming, sitting by designation.

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The motion of the government which has led to this controversy was entitled Motion of the United States In Re: Order of Proof of a Conspiracy and Admissible Evidence Relating Thereto. In this motion the government sought a number of advance rulings as to order of proof which would govern at trial and evidence which would be tendered during the course of the trial. Thus, the government sought to have what might be called a dry run prior to trial, together with appeal of rulings which it considered to be unfavorable with respect to the order of proof in a conspiracy case and the meaning of "independent evidence," together with admissibility of post conspiracy statements of defendant Ivy. After extensive hearings the trial court ruled against the government. It determined generally that the request of the government that an informal order of proof be established, that conditional rulings be made as to admissibility of hearsay evidence and that a pre-trial determination be made that the defendants were members of the conspiracy be rejected.

An extensive hearing was held. It was in the form of extended statements and arguments of counsel together with responses from Judge West.

The emphasis throughout was on the design of the order of proof, i. e. whether independent evidence was to be used to first establish the existence of the conspir-

acy. The government, of course, sought modifications of the preferred order of proof procedure and the deferral of statements of the co-conspirators. The trial court expressed approval of the preferred order approach. The court did not, however, express views as to admissibility or non-admissibility of particular evidence. Nor was there a projection by the government of particular evidence or a request made for rulings on any such tendered testimony.

The government did seek rulings on the admissibility of tape recorded conversations of the defendants. The effort was to gain admission of these tapes prior to fully establishing (through independent evidence) the conspiracy. Judge West listened to the tapes. The government finally did consent to one limitation on the admissibility. Those parts of the tapes which contained statements of one of the defendants concerning the other which was inculpatory of him would be excluded. This was the closest that the government came to formulating facts in quest of a specific ruling. The trial court, after hearing the tapes, stated that the ruling would be the same. This was shortly before the court learned that a stay pending appeal by this court had been granted. The court's statement reads as follows:

THE COURT: I'm going to stand by my order. There is nothing that I feel that is left unexplained that can't be properly pinpointed or focused on in the context of the trial based upon the predicate laid by the Government as I have outlined they're required to do.

Now, you can't—The Court's not in a position to anticipate just because it would be convenient to have a pretrial ruling on every item of evidence that they intend to introduce, and I submit to you that there is no reason why the Court should undertake to do that.

The government's supplemental statement which was contained in a brief submitted to the trial court contained a very brief statement of evidence. This, however, continued on a highly vague basis. The exact evidentiary questions were not specified, nor were there particular statements capable of providing a basis for a ruling. Moreover, there was no specific request for an evidentiary ruling or hearing. The extreme brevity of the statement was insufficient to provide any basis for ruling and no such rulings were requested.

An alternative governmental proposal was that there be a mini-trial to the court following which the government could present its case to the jury. This was also rejected.

*Discussion of the Government Proposal*

■ The trial court noted that a statement of a co-conspirator is not hearsay under Rule 801 of the Evidence Rules because of the vicarious nature of the co-conspirator relationship. It is a criminal partnership. Due to the relationship the statements of co-conspirators made outside of the presence of another co-conspirator are admissible. Statements of co-conspirators do not prove the conspiracy. Independent evidence is necessary to accomplish this. *See United States v. Nixon,* 418 U.S. 683 at 701, 94 S.Ct. 3090 at 3104, 41 L.Ed.2d 1039 (1974). *See also, Krulewatch v. United States,* 336 U.S. 440, 446, 453, 69 S.Ct. 716, 719, 723, 93 L.Ed. 930.

Our decision in *United States v. Andrews,* 585 F.2d 961 (10th Cir. 1978) was cited by the trial court as holding that acts and declarations of co-conspirators are admissible against another if a conspiracy is first established by independent evidence. 585 F.2d at 964. This has been the law for many years but it has not been strictly enforced. In days past the jury participated in the admission and consideration of statements of co-conspirators. *See Andrews, supra.*

In *United States v. Petersen,* 611 F.2d 1313, 1333 (10th Cir. 1979) this court took a further step. It established preferred procedure in these cases. It ruled that the trial court determine admissibility of conspirator statements following a threshold judicial decision on admissibility. The procedure approved in *United States v. James,*

590 F.2d 575 (1979) and recommended by the opinion in *Petersen* establishes a four-part procedure as follows:

1. The judge alone, pursuant to Rule 104(a), Fed.Rules of Evidence, makes the determination as to admissibility of hearsay co-conspirator statements.

2. The Court makes a threshold determination based upon substantial independent evidence.

3. It is preferable whenever possible to require the government to first introduce *independent proof of the conspiracy and subsequent thereto, to establish the connection of the defendant with the conspiracy before admitting hearsay declarations of co-conspirators.*

4. At the conclusion of all the evidence, the district court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed; (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy.

The government seeks to modify these decisions; it requests a less formal procedure, one which allows the hearsay to be received on a conditional basis subject to "connecting it up." This is not new. It has been practiced by prosecutors for, lo, these many years. During all of this time courts have condemned it. By the time the connected up stage arrives, the evidence has blended so that there is no distinction between hearsay and non-hearsay.

*United States v. James, supra,* ruled that henceforth there was to be a preferred order of proof. Our decisions in *Andrews* and *Petersen* are basically in accord with *James.*

The government seeks adoption of an exception to the *James* doctrine. It requests a ruling that it is not practical to require the conspiracy to be established in advance of the offer of the statements. It would have us rule that it is permissible to receive the statements of the co-conspirators sub-ject to their being connected. The trial court, based on the decisions in *James, Andrews* and *Petersen,* rejected this. The trial court recognized that this court has adopted a higher standard based on the Federal Rules of Evidence. These rules allow a trial judge to ground his or her decision on hearsay, but it does not allow the use of the bootstrapping which was practiced prior to the adoption of the Rules.

■ We have reviewed the government's proposal and the trial court's ruling in an effort to discover merit in the government's position. We have been unable to discover any such merit and have concluded that the trial court's rulings are correct.

*The Jurisdiction Issue*

■ Based upon the representations of the United States Attorney as to the extreme emergency and high importance of the matter being presented, we issued an order staying the commencement of the trial pending a review of the proceedings. The trial court had concluded that "because the government's notice of appeal is manifestly deficient and clearly invalid, this court has jurisdiction to ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338, 340–341 (10th Cir. 1976). *See also, United States v. Rumpf,* 576 F.2d 818, 820–822 (10th Cir. 1978); *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1978). Now that we have considered the issue on its merits we agree fully with the trial court's conclusion that the appeal was and is deficient. One claimed deficiency in the application is that the United States Attorney was seeking to persuade the trial judge to depart from decisions of this court. Needless to say, it was no abuse of discretion for the trial court to refuse to follow such a course.

We see this as an effort of the United States Attorney to change the law of this circuit in order to expedite the prosecution of the case at hand.

Does the case comply with the requirements of 18 U.S.C. § 3731? In our opinion

it does not. The main thrust of the trial court's ruling was to adopt an order of proof. It did not attempt to suppress evidence. Hence, our conclusion is that the case fails to satisfy both the letter and the spirit of the statute.

The judgment is affirmed and the cause is remanded for trial.