Gregory Scott LASKE, and William Carl Henn, Appellants,

v.

STATE of Oklahoma, Appellee.

Nos. F–82–614, F–82–615.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1985.

Mary E. Bane, Oyler & Bane, Oklahoma City, for appellant Laske.

Mark Barrett, Sp. Counsel, Appellate Public Defender System, Norman, for appellant Henn.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellants were convicted by a jury in the District Court of Oklahoma County, Case No. CRF-81-4562, of Conspiracy to Distribute a Controlled Substance, Marijuana. For Laske, it was After Former Conviction of a Felony. Laske was sentenced to twelve (12) years imprisonment and a $1,500.00 fine. Henn was sentenced to four (4) years imprisonment and a $1,000.00 fine. Since our holding applies to both cases, they are consolidated in this opinion.

In late September or early October, 1981, Oklahoma City Police, through their Crime Stoppers Program, received a tip from Ricky G. Wellington. Based on that tip, an Oklahoma City Police Narcotics Officer contacted Wellington, and Wellington introduced the officer to David Wayne Black. On October 8th, the officer, posing as a buyer, had a series of telephone conversations with Black, during which a deal was struck for Black to sell fifty (50) pounds of marijuana to the officer for $17,500.00.

The state's first witness was the officer, who testified as to his role in the sale, and played the tape recordings of his phone conversations with Black, as well as testifying about the arrests of appellants, Laske and Henn, and Barry Keith Maxon. Appellants and Maxon were in cars parked nearby, allegedly "covering the deal."

At trial, Wellington testified that Black contacted Laske, and the two of them (Black and Laske) procured the marijuana, much of which was already in their possession. Wellington also testified that Henn and Maxon were to assist in the sale; and that the five men had a discussion at Laske's house of how the transfer would be effected.

Though Black was also arrested and named in the information in this case, only Laske, Henn and Maxon were tried. After his arrest, Black was released on bond, and then disappeared. Thus, the main issue in this case revolves around the admissibility of hearsay evidence in the form of the recorded telephone declarations of Black, and testimony from Wellington as to statements made by Black. As this issue is dispositive, we need not reach the appellants' other assignments of error.

Due to the nature of the offense of conspiracy, an exception to the hearsay rule has long been recognized for statements of co-conspirators. That exception was recently codified in the Oklahoma Evidence Code. 12 O.S.1981, § 2801 provides:

4. A statement is not hearsay if:

．　　．　　．　　．　　．

　　b. the statement is offered against a party and is

．　　．　　．　　．　　．

　　(5) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

However, there is an important corollary to that rule.

It is equally well settled that the existence of a conspiracy must first be proved before a declaration of one not on trial is admissible against the defendant; ...

*Burns v. State*, 72 Okl.Cr. 432, 444, 117 P.2d 155, 160 (1941). See also *United States v. Nixon*, 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039, 1060 (1974).

This corollary is required because, "Otherwise hearsay would lift itself by its own bootstraps to the level of competent evidence." *Glasser v. United States*, 315 U.S.

60, 75, 62 S.Ct. 457, 467, 86 L.Ed. 680, 701 (1942).

Certain relevant portions of the Oklahoma Evidence Code, 12 O.S.1981, Ch. 40, have not been construed by this court in relation to the offense of conspiracy. Since the Evidence Code was patterned after the Federal Rules of Evidence with the intent that practice in both state and federal courts be uniform, it is useful to look to federal interpretations. See 12 O.S.A., Ch. 40 (West, 1981) (Comment by Chairman, Subcommittee on Evidence).

Initially, we note that the trial judge is to make the determination of whether the state has presented sufficient independent evidence to prove the conspiracy. 12 O.S. 1981, § 2105 states:

A. Preliminary questions concerning the qualifications of a person to be a witness, the existence of a privilege or the admissibility of evidence shall be determined by the court, subject to the provisions of subsection B of this section.

B. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

This statute (in its federal form) was interpreted in *United States v. Andrews*, 585 F.2d 961 (10th Cir.1978). "[F]inding a prima facie case is not the same as 'determining' that a conspiracy existed. A higher standard is implicit in the judge's new role." *Id.* at 966.

A four-step procedure for determining admissibility of hearsay evidence under the new rules was first promulgated in *United States v. James*, 590 F.2d 575 (5th Cir.1979) and endorsed in *United States v. Petersen*, 611 F.2d 1313 (10th Cir.1979). The procedure was aptly stated as follows:

1. The judge alone, pursuant to Rule 104(a), Fed. Rules of Evidence, [12 O.S. 1981, § 2105(a)] makes the determination as to admissibility of hearsay co-conspirator statements.

2. The Court makes a threshold determination based upon substantial independent evidence.

3. It is preferable whenever possible to require the government to first introduce independent proof of the conspiracy and subsequent thereto, to establish the connection of the defendant with the conspiracy before admitting hearsay declarations of co-conspirators.

4. At the conclusion of all the evidence, the district court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed; (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy.

*United States v. Stipe*, 653 F.2d 446, 449 (10th Cir.1981).

In the present case, the trial judge did appear to be aware of the rule; and he made a conscientious effort to comply with it. However, we cannot say that the procedure he employed adequately fulfilled the requirements. Very early in the trial, the judge conducted an in-camera hearing to determine if there was sufficient independent evidence to establish the conspiracy. He ruled that there was, and admitted the hearsay; but that ruling was not soundly based.

At the in-camera hearing, the prosecutor recited what would be the state's witnesses testimony. This does not even approach the level of competent evidence. The judge listened to two of the recorded phone conversations, but this was part of the very evidence whose admissibility was being determined. Also, federal courts do not allow that kind of bootstrapping. *United States v. James, supra* at 581. The judge also heard the narcotics officer's testimony, but there was nothing in that testimony establishing the existence of, much less the appellants' involvement in, a conspiracy.

Thus, the net result of the in-camera hearing is that the jury heard the hearsay testimony *before* the independent evidence. This we cannot permit. We are of the opinion that the procedure outlined in *United States v. Stipe, supra,* not only requires the judge to make the preliminary determination, but also that it be based on competent evidence. Further, the government must present its case in the "preferred order of proof;" independent evidence first, then hearsay. Allowing the hearsay in, to later be "connected up" as was done in the present case, was strongly criticized in *United States v. Stipe, supra:*

> This is not new. It has been practiced by prosecutors for, lo, these many years. During all of this time courts have condemned it. By the time the connected up stage arrives, the evidence has blended so that there is no distinction between hearsay and non hearsay.
>
> *Id.* at 449.

We think the procedures outlined herein provide the proper balance between the competing interests of the government and the defendant. Accordingly, in the present case, the judgments and sentences must be **REVERSED** and **REMANDED** for new trial consistent with this opinion.

BRETT, J., concurs.

BUSSEY, J., dissents.