Leo LAWRENCE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-84-281.

Court of Criminal Appeals of Oklahoma.

July 30, 1985.

Petition for Review Denied Sept. 30, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Leo Lawrence, a/k/a James Johnson, was convicted in the District Court of Tulsa County, Case No. CRF-82-3027, of Burglary in the Second Degree, After Former Conviction of Two or More Felonies. Appellant was sentenced to a term of fifty (50) years imprisonment, and appeals.

Briefly stated the facts are that early in the morning of August 23, 1982, the burglar alarm sounded at an Otasco store in Tulsa, and the manager of the store and a Tulsa police officer arrived at the store and entered the premises to investigate. As the manager observed that the glass was broken in a gun case and several guns were missing, he observed appellant sitting on top of a ladder holding a rifle. The police officer ordered appellant to drop the rifle and descend the ladder. The appellant complied, and he was subsequently placed under arrest.

At trial, the State called three witnesses to testify: the store manager, the police officer, and the assistant store manager. The appellant called no witnesses at trial.

The store manager testified that the ceiling area above the ladder had been "torn up" with a large hole in the acoustical tile ceiling. He also testified that the vent cap had been removed; that one of the three bars designed to prevent entry had been knocked out; and that the space created by the missing bar was large enough to allow entry. The manager further testified that he had not been in the store for the two days prior to the burglary, but that approximately thirty days before he had seen·the vent in an undamaged condition.

The police officer testified that all of the ground level entrances to the store were secure when he arrived. He further testified that after ordering appellant to descend the ladder and after arresting him, that he removed several rifles and a blue bag from the ceiling space adjacent to the top of the ladder.

The assistant manager testified that when he left the store the evening before the burglary he locked the store, set the security alarm, and noticed nothing unusual about the ceiling.

I

In his first assignment of error, appellant contends that the trial court erred in failing to give the appellant's requested instruction on the lesser included offense of entering a building with certain intent. Appellant argues that there was a jury question as to whether his entrance into the store through the roof constituted a "breaking" in the legal sense. He alleges that the State failed to prove that he forcibly entered the premises; thus, the instruction on the lesser included offense should have been given. We disagree.

An instruction on a lesser included offense is not necessary unless there is some evidence that tends to prove the commission of a lesser included offense *Parrott v. State,* 522 P.2d 628 (Okl.Cr.1974).

Although the evidence presented by the State to establish the "breaking" element of Burglary was purely circumstantial, we have held that such evidence is ample in light of overwhelming guilt, and that this Court will not interfere. *Beasley v. State,* 635 P.2d 627 (Okl.Cr.1981).

Furthermore, appellant rested his case without calling a single witness to dispute the State's case. Since the State's circumstantial evidence that a "breaking" occurred was uncontroverted, there was insufficient evidence to establish the commission of a lesser included offense, and the trial court's ruling was proper. Therefore, this assignment of error is without merit.

II

In his second assignment of error, appellant argues that the trial court erred in admitting photographs of the roof and ceiling in the store and the aisle below the section of ceiling that was damaged. Appellant alleges that the photographs of the inside of the store are posed because an

extra ladder is present in the photographs that was not present at the time of the burglary.

In support of his proposition, appellant relies on *Langley v. State*, 90 Okl.Cr. 310, 213 P.2d 886 (1950), which states in pertinent part, "Posed photographs taken some time subsequent to the controversy with men in various assumed situations, *intended only* to illustrate hypothetical situations are incompetent and inadmissible as evidence." (Emphasis added).

■ However, *Langley*, supra clearly states that posed photographs are inadmissible when *intended only* to illustrate hypothetical situations. (Emphasis added). In the instant case, the photographs were introduced only to demonstrate to the jury the hole in the ceiling, and the State clearly explained that the taller ladder in the photographs was brought in later so that the police could look into the dead air space to see if anyone else was up there. These photographs are clearly not the type of posed photographs that we rejected in *Langley*, supra. Furthermore, we have held that the question of the admissibility of photographs is a matter within the sound discretion of the trial court. *Hill v. State*, 550 P.2d 1356 (Okl.Cr.1976).

Finding no abuse of discretion by the trial court, this assignment of error is without merit.

### III

In his third assignment of error, appellant asserts that improper comments by the prosecutor caused the jury to impose excessive punishment. Appellant basically alleges that three comments by the State were improper: the prosecutor asserted his personal opinion in his closing argument, he referred to the judgment and sentence documents as court records in his opening statement, and he stated that the appellant attempted to steal firearms. Appellant asserts that, in stressing the theft of firearms, the prosecutor insinuated a more sinister intent. All alleged errors were properly preserved by timely objections at trial.

■ First, the trial court properly admonished the jury to disregard the statements reflecting the prosecutor's opinion. The court's admonition cured the alleged error. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

■ Second, the prosecutor's reference to the judgment and sentence as court records in his opening statement does not contravene the principle set forth in *Deason v. State*, 576 P.2d 778 (Okl.Cr.1978), which held that, "Only when argument by counsel for the State is grossly improper and unwarranted upon some point which may affect the appellant's rights can a reversal for improper argument be justified."

■ Third, the prosecutor's statement that the appellant attempted to steal firearms is a true comment on the evidence and is clearly admissible. *Jeffries v. State*, 679 P.2d 846 (Okl.Cr.1984). This assignment of error is without merit.

### IV

In appellant's fourth assignment of error, he contends that his sentence should be modified in that one of the convictions that the State used to enhance his sentence was vacated six months after his trial.

At the second stage of appellant's bifurcated trial, the State introduced evidence that appellant was convicted of Second Degree Burglary in Creek County in 1968 and sentenced to seven (7) years imprisonment, and was convicted of Second Degree Burglary in Tulsa County in 1977 and sentenced to twelve (12) years imprisonment. However, on June 27, 1984, approximately six months after appellant's present conviction, the District Court of Creek County sustained appellant's application for postconviction relief and vacated appellant's 1968 felony conviction, on the ground that appellant was not advised of his right to confront witnesses.

We are of the opinion that the first stage of the appellant's trial was not prejudiced by what transpired in the second stage. However, the sentence imposed by the jury

must be carefully scrutinized in that it was affected by the introduction into evidence of two prior felony convictions in the second stage of the proceedings. In light of the fact that one of appellant's prior convictions was vacated, the proper administration of justice dictates that appellant's judgment and sentence should be modified as this Court is authorized to do under the provisions of 22 O.S.1981, § 1066.

Therefore, we find that the judgment and sentence herein should be modified to provide for the conviction of Second Degree Burglary After Former Conviction of a Felony, and the sentence should be modified from fifty (50) years to twenty (20) years imprisonment, and as modified the judgment and sentence is affirmed.

Accordingly, the judgment and sentence is MODIFIED, and as modified the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.