Gary Lee HARTNESS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–259.

Court of Criminal Appeals of Oklahoma.

June 16, 1987.

Thomas Purcell, Asst. Appellate, Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Gary Lee Hartness, was tried in the District Court of Muskogee County for the crime of Bail Jumping-Appearance Bond, After Former Conviction of Two or More Felonies in Case No. CRF–84–122 and was convicted of Bail Jumping-Appearance Bond, After Former Conviction of a Felony and was sentenced to ten (10) years imprisonment, and he appeals.

Briefly stated the facts are that on February 18, 1983, appellant failed to appear at his trial on a charge of Driving Under the Influence of Intoxicating Liquor, Second and Subsequent Offense, in Muskogee County Case No. CRF–81–589.

For his first assignment of error appellant asserts that the State improperly introduced other crimes evidence, and that he was not given ten (10) days notice that the State intended to use the other crimes evidence as required by *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). We disagree.

On September 14, 1984, the State filed notice of intent to use other crimes evidence. The notice enumerated three other criminal acts: Driving Under the Influence of Intoxicating Liquor, Second and Subsequent Offense, Burglary in the Second Degree, and Larceny of a Motor Vehicle. The D.U.I. charge was the original offense which appellant failed to appear for on February 18, 1983. The two other two charges were filed in Muskogee County in January of 1983, one month before appellant's scheduled trial date. The State, in its notice, argued that it sought to introduce evidence of these crimes to prove motive, intent, and identity.

Appellant's trial commenced on September 24, 1984; therefore, the notice was filed ten days prior to trial. However, appellant complains that he did not actually receive notice until eight days prior to trial. In a pretrial hearing, the trial court found that appellant was not prejudiced by the delay in actually receiving the notice because he was apprised of the other crimes evidence at preliminary hearing when Jan Jordan, appellant's bondsman, testified that when he talked with appellant concerning the February 18, 1983, trial date appellant asked Jordan if he could make bond on the two new charges. We agree with the trial court's ruling that appellant was not surprised by the other crimes evidence.

Additionally, we find that the other crimes evidence was properly admitted by the trial court. The D.U.I. charge was the crime that appellant was supposed to have been tried for when he jumped bail; thus, it was a critical part of the entire transaction. *See Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). Evidence of the other two charges was admitted when Jan Jordan testified that when he talked to appellant about his trial date appellant asked him if he could make bond on two new charges. Jordan testified that he told appellant that he could not guarantee that he would make his new bonds. Jordan's testimony and the prosecutor's comments concerning these charges show that appellant knew about the pending charges and likewise knew that if he returned to Oklahoma he would spend time in jail awaiting trial of the other charges. Consequently, we find that this evidence was properly admitted to show appellant's motive for not returning for his February 18, 1983, trial date. *Koonce v. State*, 696 P.2d 501, 507 (Okl.Cr. 1985).

Appellant also argues that the prosecutor committed error in closing argument. We have reviewed the alleged erroneous comments and find that the comments were either reasonable inferences drawn from the evidence or were invited by statements

of defense counsel. *See Frazier v. State*, 607 P.2d 709 (Okl.Cr.1980); *Pegg v. State*, 659 P.2d 370, 374 (Okl.Cr.1983). Appellant's first assignment of error is groundless.

In his second assignment of error appellant contends that his sentence should be modified in that during the second stage of his trial the trial court admitted a prior conviction for second degree burglary that he received in 1971 when he was only sixteen years old. In support of this contention appellant cites *Edwards v. State*, 591 P.2d 313 (Okl.Cr.1979).

■ However, we deem it unnecessary to consider the merits of appellant's assertion since the State, in its brief, informs this Court that appellant's 1971 conviction was declared null and void by an expungement order dated January 25, 1985. Since appellant was charged with two prior convictions, but was found guilty of only one prior conviction, and since his prior conviction for second degree burglary was declared null and void approximately four months after his trial, we are constrained to modify appellant's sentence since we cannot determine which conviction the jury relied upon to enhance appellant's sentence. *See Lawrence v. State*, 703 P.2d 950, 952–53 (Okl.Cr.1985). The judgment and sentence should be modified to reflect a conviction for the crime of Bail Jumping and the sentence should be modified to one year imprisonment.

■ Appellant finally urges that the trial court erred in not allowing appellant to present evidence of motive, after allowing the State to introduce other crimes evidence on the issue. The appellant sought to show, by cross-examining Ms. Sexton, a deputy court clerk for Muskogee County, that appellant would not have been concerned about the charges against him since one of his co-defendants had been given a deferred sentence on one charge, while the second charge had been dismissed. He argues that this evidence was relevant because it tended to rebut the State's claim that he refused to return to Oklahoma for trial in order to avoid prosecution on the new charges. However, the cases against one of appellant's co-defendants were disposed of on February 11, 1983, one week before appellant's scheduled trial date, and the cases against the other co-defendant were not disposed of until September 4, 1983, six months after appellant's February 18, 1983, trial date. Appellant has wholly failed to show that he had any knowledge of co-defendant's lenient treatment prior to his trial date, or that those facts could have influenced his conduct in any way. The trial court did not abuse its discretion in finding that this evidence was irrelevant. *Behrens v. State*, 699 P.2d 156 (Okl.Cr. 1985). Hence, we find no error.

The judgment is MODIFIED from Bail Jumping-Appearance Bond, After Former Conviction of a Felony to Bail Jumping-Appearance Bond, and the sentence is MODIFIED to one year imprisonment.

BRETT, P.J., and PARKS, J., concur.