**Billy J. McCLENDON, and Archie Thompson, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–87–803.**

Court of Criminal Appeals of Oklahoma.

July 13, 1989.

Rehearing Denied Aug. 21, 1989.

Jeff Belote and Warren Gotcher, Gotcher, Brown and Bland, McAlester, for appellant McClendon.

Greg Thomas, Muskogee, for appellant Thompson.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., W. Craig Sutter, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Billy J. McClendon and Archie Thompson, appellants, were jointly tried by jury and convicted of Conspiracy to Sell Unregistered Securities, Distribute Unregistered Sales Literature and Transact Business

Through an Unregistered Broker/Dealer (21 O.S.1981, § 421; 71 O.S. 1981, §§ 301, 402, and 201) (Count I), Sale of Unregistered Securities (71 O.S.1981, § 301) (Counts II, III & IV), Distribution of Unregistered Sales Literature (71 O.S.1981, § 402) (Count V), Transaction of Business Through an Unregistered Broker/Dealer (71 O.S.1981, § 201) (Counts VI, VII & VIII), and Fraud (21 O.S. 1981, § 101) (Counts IX, X & XI), in Muskogee County District Court, Case No. CRF–85–512, before the Honorable James Edmondson, District Judge. Punishment was set at ten (10) years (Count I), one (1) year imprisonment (Counts II–XI), and a $5,000.00 fine on each count, to be suspended upon payment of restitution in the amount of $80,900.00 and court costs. All counts were ordered to run consecutively, with the last ten (10) years suspended. Appellants are under an appeal bond. We affirm.

In mid–1982, appellant Thompson, an accountant, encouraged Bob Culver to invest in B & A Cattle Investments, owned by appellant McClendon. Thompson showed Culver a prospectus, including a financial statement, projected revenue and profit, and a business resume of McClendon, which Thompson prepared for McClendon. Thompson told Culver the prospectus was great, Culver would receive a guaranteed interest rate of 26%, the cattle were insured, and "there's no way you can lose." The prospectus did not indicate whether the offering was or was not registered or approved by the Oklahoma Securities Commission.

On November 9, 1982, the Culvers entered into an investment contract with appellant McClendon, for which McClendon received $104,000.00. The Culvers were to receive monthly interest payments of $1800.00. On November 9, 1982, Jo Culver, on behalf of her mother, Rebecca Priest, invested $15,000.00 in B & A Cattle Investments. Thompson told Mr. Culver if he or anyone else was interested in investing, they should do it "real quick" before the interest rate dropped to 20%. On November 16, the Culvers invested another $50,000.00. The Culvers received their interest payments the next two months, but

in February, 1983, one of the interest checks was returned for insufficient funds. After a second check was likewise returned, McClendon met Mr. Culver and paid him $3600.00 in cash, which included the March payment, stating the problems he had were solved. The Culvers received their interest payment for April, but never received another payment, nor were they able to recover the principal amount. Rebecca Priest never received any interest payments, or her principal.

Shirley Porter, appellant Thompson's secretary, stated that in response to Thompson's representations of a guaranteed return of 26%, she and her husband invested $10,000.00 in B & A Cattle Investments on May 21, 1982. The interest, which was due on May 21, 1983, and the principal, was never paid. Jo Culver testified that at appellant McClendon's bankruptcy hearing in December, 1983, McClendon stated the investment contracts were drawn up by Thompson, Thompson was his agent or broker in the negotiations of the contracts, and Thompson was responsible for collecting the investment money, for which Thompson received a 3% commission. McClendon further stated Thompson himself had invested $30,000.00 in B & A Cattle Investments, but that McClendon paid him off fourteen or fifteen months before.

Patty McCarthy, Associate General Counsel at the Oklahoma Securities Commission, testified that B & A Cattle Investments was not registered, had not filed a notice of exemption, the prospectus was not registered as sales literature as required by law, and Thompson was not a registered broker. She spoke to Thompson in October, 1984, when he admitted soliciting investments for B & A Cattle from the Culvers, Rebecca Priest, Shirley Porter, and a dozen or more clients.

Archie Thompson testified he provided various financial services for Bill McClendon since 1979, including preparing the prospectus for B & A Cattle Investments. When he became concerned he might be dealing in securities, he said he consulted an attorney, and subsequently made several changes in the investment contracts.

Thompson said his understanding was that the investment contracts were not securities, and that he was not required to file anything with the Oklahoma Securities Commission. Thompson admitted that at the time he told the Culvers B & A Cattle was a secure investment, McClendon was behind on his payments to Thompson. McClendon paid Thompson $18,000.00 on November 17, 1982, the day after the Culvers invested $50,000.00 in B & A Cattle Investments.

## I.

■ Appellants first claim reversible error occurred when the trial court admitted hearsay statements against McClendon without following the guidelines set forth in *Laske v. State*, 694 P.2d 536 (Okla.Crim. App.1985), relating to application of the coconspirator rule of 12 O.S.1981, § 2801(4)(b)(5). While the trial court apparently relied upon the coconspirator rule to admit the challenged hearsay, this Court may sustain the admission of hearsay on a different theory, so long as the alternative basis for admission finds support in the record. *Newbury v. State*, 695 P.2d 531, 535 (Okla.Crim.App.1985).

## A.

■ Appellants first challenge admission of Mr. Culver's testimony that appellant Thompson told Culver the prospectus was great. Defense counsel for appellant McClendon objected "to what somebody said outside the presence of Mr. McClendon." (Tr. I 210) Initially, we find no error occurred as to appellant Thompson, because his out of court statements were admissible as party admissions under 12 O.S.1981, § 2801(4)(b)(1). *Johns v. State*, 742 P.2d 1142, 1146 (Okla.Crim.App.1987). Further, we find the out of court statement was not hearsay as to appellant McClendon, because it was not "... offered in evidence to prove the truth of the matter asserted...." 12 O.S.1981, § 2801(3). The out of court statement was not offered to prove that the investment was a good deal, but rather to show that Thompson was soliciting investments for McClendon.

*See Nunley v. State*, 660 P.2d 1052, 1055 (Okla.Crim.App.1983), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (1983).

## B.

■ Appellants next challenge admission of the prospectus, State Exhibit No. 1. Counsel for appellant Thompson stated at trial that his client had "no objection to the admission of that exhibit," while counsel for appellant McClendon objected on hearsay grounds. (Tr. I 214) The record supports a finding that the prospectus was prepared by Thompson as the agent or servant of McClendon concerning a matter within the scope of his agency or employment, and was therefore admissible under 12 O.S.1981, § 2801(4)(b)(4). We find no error.

## C.

■ Appellants also challenge admission of out of court statements by Thompson assuring Mr. Culver there was no way he could lose, and that the 26% rate was guaranteed. Again, as to appellant Thompson, the statements were admissible as party admissions classified as non-hearsay. *See* 12 O.S.1981, § 2801(4)(b)(1). As to appellant McClendon, the first statement was not hearsay because it was not offered to prove that Mr. Culver could not lose by investing. *See Nunley*, 660 P.2d at 1055. The prospectus, which we previously found admissible in Part I(B), *supra*, contained a statement which guaranteed investors a 26% return. (State Exhibit No. 1) The second statement was thus cumulative to competent evidence already admitted, and cannot be reversible error. *See Funkhouser v. State*, 734 P.2d 815, 819 (Okla.Crim. App.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 326, 98 L.Ed.2d 354 (1987).

## D.

Appellants next contest admission of State Exhibit Nos. 2 and 6, which were investment agreements between the Culvers and appellant McClendon. The record supports a finding that the agreements

were admissible under 12 O.S.1981, § 2801(4)(b)(4).

### E.

■ Appellant McClendon challenges admission of out of court statements made by appellant Thompson to Mr. Culver, after the interest payments were not made, that Thompson would try to get hold of McClendon. (Tr. I 268) We find the statement admissible under 12 O.S.1981, § 2801(4)(b)(4). Appellant McClendon also contests admission of Mr. Culver's statement that Culver asked Thompson to change the investment agreement to extend its terms beyond three years. (Tr. I 284–85) Here, the statement made by Mr. Culver, the declarant, was made at trial and was therefore not hearsay within 12 O.S.1981, § 2801(3).

### F.

Appellant McClendon next contests admission of out of court statements made by Thompson to Shirley Porter relating to B & A Cattle Investments. We find the statements admissible against McClendon under 12 O.S.1981, § 2801(4)(b)(4). Appellant McClendon also objects to Ms. Porter's testimony that Thompson told her a good way to make money is to raise money for other people, and that she had to invest by a certain date or she would not get a 26% return. (Tr. I 306–07) The former statement was not offered to prove the truth of the matter asserted and was thus not hearsay for the reasons given in Part I(A), *supra.* We find the latter statement admissible under 12 O.S.1981, § 2801(4)(b)(4).

### G.

■ Finally, appellant McClendon challenges admission of Ms. McCarthy's testimony that Thompson told her he was to receive a 3% commission for soliciting the Porter investment. Again, we find such statements admissible against McClendon under 12 O.S. 1981, § 2801(4)(b)(4).

■ In conclusion, because we have found the challenged statements admissible on grounds other than the coconspirator rule of 12 O.S. 1981, § 2801(4)(b)(5), we hold that the trial court did not commit reversible error in failing to follow the procedural requirements of *Laske,* 694 P.2d at 538. Further, we find it significant that appellant Thompson testified at trial and was thus available for cross-examination. "[T]here is no reversible error where the declarant testifies in court and is subject to cross-examination, regardless of whether opposing counsel actually questions the declarant." *United States v. Wolf,* 839 F.2d 1387, 1395–96 (10th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 304, 102 L.Ed.2d 323 (1988).

### II.

■ Appellants contend in their second assignment that the trial court erred in admitting other crime evidence, consisting of Ms. Porter's testimony that she lost $10,000.00 which she invested in B & A Cattle Investments, where the State failed to give notice ten (10) days prior to trial as required by *Burks v. State,* 594 P.2d 771 (Okla.Crim.App.1979). The State failed to give a *Burks* notice. The purpose of a *Burks* notice is to prevent surprise on the part of the defense, and to allow the defense to be heard prior to the evidence being placed before the jury. *Clanton v. State,* 711 P.2d 937, 938 (Okla.Crim.App. 1985). The record indicates the Porter investment was revealed at preliminary hearing (Tr. I 195), the Porters were subpoenaed to testify at trial (O.R. 67), and appellants challenged the testimony by motion in limine (Tr. I 193–198) prior to its actual admission at trial. Under these circumstances, we reject appellants' argument of surprise, and do not find reversible error. *Id.* See *Hartness v. State,* 738 P.2d 552, 553 (Okla.Crim.App.1987); *Melvin v. State,* 706 P.2d 163, 164 (Okla.Crim.App.1985), *cert. denied,* 475 U.S. 1027, 106 S.Ct. 1225, 89 L.Ed.2d 335 (1986). Further, we find the testimony admissible as proof of a plan to sell unregistered securities. *See* 12 O.S. 1981, § 2404(B).

### III.

■ Lastly, appellants contend the trial court erred in allowing Patty McCarthy,

Associate General Counsel at the Oklahoma Securities Commission, to testify. Appellants complain that during voir dire, the prosecutor stated he would "be assisted during this trial by Patricia McCarthy from the Oklahoma Securities Commission." (Tr. I 17) Appellants argue reversible error occurred when Ms. McCarthy was allowed to testify without being introduced to the jury as a case agent rather than an assistant prosecutor.

"[T]he role of advocate and witness should be kept separated...." *Cavaness v. State*, 581 P.2d 475, 478 (Okla.Crim.App. 1978), *cert. denied*, 439 U.S. 1117, 99 S.Ct. 1024, 59 L.Ed.2d 76 (1979). As a general rule, a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness...." *Oklahoma Rules of Professional Conduct*, Rule 3.7(a), 5 O.S.Supp. 1989, App. 3–A. Here, there is nothing to show that Ms. McCarthy acted as an advocate. She did not examine witnesses, or present argument. The prosecutor's designation of her in the role of an assistant, while clearly a bad choice of words, did not render her an advocate. Consequently, we find no error.

Accordingly, the judgments and sentences are AFFIRMED.

LANE, V.P.J., and BRETT, BUSSEY and LUMPKIN, JJ., concur.