OSCN Found Document:RODRIGUEZ v. STATE OF OKLAHOMA

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

RODRIGUEZ v. STATE OF OKLAHOMA2025 OK CR 22Case Number: F-2024-471Decided: 10/23/2025Mandate Issued: 10/23/2025THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 22, __ P.3d __

ROLANDO SOLOMON RODRIGUEZ, Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

LEWIS, JUDGE:

¶1 Rolando Solomon Rodriguez, Appellant, was tried by jury and found guilty of domestic assault and battery with a dangerous weapon, in violation of 21 O.S.2021, § 644

1. Mr. Rodriguez' [sic] constitutional right to compulsory process was denied by the trial court in violation of Article II, Section 20 of the Oklahoma Constitution and the Fifth and Sixth Amendments of the United States Constitution;

2. The trial court erred when it determined the hearsay statements of A.L. made to Detective Amy Hall were not admissible;

3. Mr. Rodriguez received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution.

¶2 In Proposition One, Appellant argues that the trial court infringed his right to compulsory process by refusing to grant a mistrial when a witness under subpoena for the defense became unavailable to testify at trial. The defense request for a mistrial preserved the issue for review for abuse of the trial court's discretion. An abuse of discretion is a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7274 P.3d 161

¶3 In Proposition Two, Appellant argues that the trial court erred in ruling that an inconsistent statement by the victim

¶4 We have said a mistrial is appropriate "when an event at trial results in a miscarriage of justice or constitutes an irreparable and substantial violation of an accused's constitutional or statutory right." Tryon v. State, 2018 OK CR 20423 P.3d 617Harris v. State, 2019 OK CR 22450 P.3d 933

¶5 A mere possibility that evidence might have helped the defense or could have affected the outcome does not establish its materiality. Rather, material evidence must create "a reasonable probability" of a different outcome at trial. Brown v. State, 2018 OK CR 3422 P.3d 155Strickland v. Washington, 466 U.S. 668, 694 (1984).

¶6 On appeal, counsel for the Appellant limits the argument to whether the statement of the victim/declarant to the witness, a police detective, was admissible under the residual hearsay exception for trustworthy statements at 12 O.S.2021, § 2804.1

. . . a statement not covered by Section 2803, 2804, 2805, or 2806 of this title but possessing equivalent, though not identical, circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the court determines that:

1. The statement is offered as evidence of a fact of consequence;

2. The statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts; and

3. The general purposes of this Code and the interests of justice will best be served by admission of the statement into evidence.

¶7 We find no abuse of discretion in the trial court's conclusion that this was not a trustworthy statement admissible under the residual hearsay exception. The proffered statement lacked any traditional indicia of reliability for statements admissible as an exception to the rule against hearsay. The statement was allegedly inconsistent with the declarant's other hearsay statement and was offered either as substantive evidence to show that it was the true statement--that the injury was an accident--or as impeachment, i.e., that the victim's statements were generally unreliable and unworthy of belief. Such a statement obviously does not satisfy the trustworthiness requirements of Section 2804.1.

¶8 We feel bound to mention that neither the court nor counsel at trial or on appeal seem to have considered the application of Section 2806 of the Evidence Code to this evidence. Title 12 O.S.2021, Section 2806 provides in pertinent part that:

When a hearsay statement . . . has been admitted in evidence, the credibility of the declarant may be attacked and, if attacked, may be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain.

¶9 We have never discussed this provision in a published case, but its application to this situation seems apparent. The trial court had clearly admitted incriminating hearsay statements of the non-testifying victim/declarant. By the plain language of this rule, the unavailable detective's testimony about the declarant's arguably inconsistent statement could have been admissible under Section 2806 if the trial court had granted a mistrial to allow the attendance of the unavailable detective.

¶10 However, we find no compulsory process violation in the trial court's denial of a mistrial, because the omitted testimony cannot meet the materiality requirement. The remaining evidence at trial included the declarant's reliable and convincing hearsay statements to other witnesses that Appellant attacked her, corroborated by her injuries and, to some degree, by the Appellant's own testimony. Considering the omitted evidence in view of this properly admitted evidence, the denial of access to this partially or arguably inconsistent statement does not undermine our confidence in the jury's verdict. The denial of a mistrial thus did not infringe Appellant's right to compulsory process. Propositions One and Two are therefore denied.

¶11 In Proposition Three, Appellant argues that trial counsel's omission to seek a continuance to present the detective's testimony about the victim's inconsistent statement was ineffective assistance of counsel. We review this challenge according to the familiar two-pronged deficient performance and prejudice analysis set forth in Strickland v. Washington, supra, at 687. Based on what we have already said, counsel's omission to request a continuance to present this unavailable witness was not constitutionally ineffective.

¶12 When a claim of ineffectiveness can be disposed of on the ground of lack of prejudice, that course should be followed. Malone v. State, 2013 OK CR 1293 P.3d 198Strickland, 466 U.S. at 697). We conclude here that even if counsel performed deficiently in crafting Appellant's arguments for admitting the detective's testimony, then failed to seek a continuance to obtain that testimony, we find no reasonable probability that, but for counsel's errors, the outcome would have been different. A reasonable probability, after all, is one that undermines our confidence in the outcome. As already mentioned, Appellant clearly assaulted and battered the victim with a dangerous weapon. Proposition Three is therefore denied.

DECISION

¶13 The judgment and sentence is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2025), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE MICHELLE KEELY, DISTRICT JUDGE

APPEARANCES AT TRIAL
GREGG GRAVES
PIERRE ROBERTSON
ASST. PUBLIC DEFENDERS
500 S. DENVER, STE. 300
TULSA, OK 74103
ATTORNEYS FOR DEFENDANT

MAXFIELD MALONE
KEVIN FINNEGAN
ASST. DISTRICT ATTORNEYS
500 S. DENVER, STE. 900
TULSA, OK 74103
ATTORNEYS FOR THE STATE
APPEARANCES ON APPEAL
GREGORY LAIRD
ASST. PUBLIC DEFENDER
500 S. DENVER, STE. 300
TULSA, OK 74103
ATTORNEY FOR APPELLANT

GENTNER F. DRUMMOND
ATTORNEY GENERAL
S. GRACE SLAFF
ASST. ATTORNEY GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
ATTORNEYS FOR APPELLEE

OPINION BY LEWIS, J.
LUMPKIN, P.J.: Concur in Result
MUSSEMAN, V.P.J.: Concur
HUDSON, J: Concur
ROWLAND, J.: Concur

FOOTNOTES

 

 

LUMPKIN, PRESIDING JUDGE: CONCUR IN RESULTS

¶1 While I concur in the affirmance of the Judgment and Sentence in this case, I write to address the Court's reference to 12 O.S.2021, § 2806 See Matter of L.N., 1980 OK CR 72 617 P.2d 239Canady v. Reynolds, 1994 OK CR 54880 P.2d 391Murphy v. State, 2006 OK CR 3127 P.3d 1158

¶2 While this Court has decided a case applying a prior case or statute not considered by the trial court to arrive at our decision, this is not the case here. See Vance v. State, 2022 OK CR 25519 P.3d 526McClendon v. State, 1989 OK CR 29777 P.2d 948Harjo v. State, 1994 OK CR 47882 P.2d 1067

The Oklahoma Supreme Court
2100 N. Lincoln Blvd., Suite 1
Oklahoma City, OK 73105